UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHELLY L. HORNE,

    Plaintiff,                                  Case No. 3:14-cv-452

vs.

COMMISSIONER OF                      District Judge Thomas M. Rose
SOCIAL SECURITY,                     Magistrate Judge Michael J. Newman

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE COMMISSIONER'S MOTION FOR REMAND (DOC. 8) BE GRANTED; (2) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (3) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (4) THIS CASE BE CLOSED**

    This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" as of June 15, 2010 and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI") thereafter.[2] Following submission of the administrative record (doc. 6),[3] Plaintiff filed a Statement of Errors (doc. 7), to which the Commissioner filed no opposition. Instead, the Commissioner moves to remand the case for further proceedings, conceding that the ALJ's decision contains error and is unsupported by substantial evidence. Doc. 8. Plaintiff agrees that the ALJ committed error and, instead of a new hearing on remand, seeks an

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this opinion to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

immediate award of benefits. Doc. 9. The Commissioner filed a reply in support of her motion for remand, arguing that benefits should not now be awarded as evidence of disability is not overwhelming. Doc. 10.

**I.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

Plaintiff argues that an award of benefits is appropriate because all factual issues have been determined and the proof of disability is overwhelming. Doc. 9 at PageID 755. Plaintiff contends that disability is overwhelming because: (1) the opinion of her treating neurologist, Vadak Ranganathan, M.D., was entitled to controlling weight or, at the least, deferential weight; and (2) Medical Expert Karl Manders, M.D. -- whose opinion the ALJ gave "significant weight," *see* PageID 47-48 -- agreed with Dr. Ranganathan's opinion. *Id*. at PageID 757-61. The undersigned briefly addresses these arguments together.

**II.**

The Court agrees with Plaintiff that the ALJ erred in weighing the opinion of Dr. Ranganathan, who found, among other limitations, that Plaintiff could not sit, stand, or walk for

any period of time during a normal workday; lift any weight; grasp, push, pull or perform fine manipulation; or perform even sedentary work.  PageID 640-42.  "An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'"  *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original).  This requirement is known as the "treating physician" rule.  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted).  Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]"  20 C.F.R. § 404.1527(c)(2); *see also Blakely*, 581 F.3d at 406.

The ALJ rejected Dr. Ranganathan's opinion because she found it in conflict with Dr. Manders' testimony at the administrative hearing.  *See* PageID 50.  Specifically, she believed that Dr. Manders, while testifying at the administrative hearing, disagreed with Dr. Ranaganathan's opinion because it "was based solely on the claimant's subjective allegations and was unsupported by the objective medical evidence that showed little in the way of symptoms."  *Id*.  The ALJ's conclusion in this regard appears to misconstrue Dr. Manders' testimony.  *See* PageID 70-75.  The undersigned finds, based upon a careful review of the hearing testimony that Dr. Manders agreed with Dr. Ranganthan's opinion insofar as it applies to Plaintiff's work-related abilities after June 6, 2012.  PageID 71-74.  In other words, only "up to

[that] point," did Dr. Manders conclude Plaintiff was able to perform light work.[4] PageID 74. Thus, the undersigned agrees with Plaintiff and concludes that substantial evidence does not support the ALJ's analysis concerning these two medical sources.

While a residual functional capacity ("RFC") limiting Plaintiff's work-related abilities to those opined by Dr. Ranganthan would likely result in a disability finding, the Court concludes that remand is required for two reasons. First, not all medical source opinions of record agree with the limitations set forth by Dr. Ranganthan.[5] Thus, remand is required so that the ALJ can re-weigh all medical source opinions pursuant to the applicable regulations. Second, assuming, *arguendo*, that Plaintiff is disabled, given the opinion of Dr. Manders concerning Plaintiff's ability to perform "light work" prior to June 6, 2012 -- *i.e.*, from her alleged onset date of June 15, 2010 -- an issue remains concerning the onset date of such disability.

---

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

[5] With regard to other medical source opinions of record -- namely, the opinions of examining psychologist Donald Kramer, Ph.D. and record reviewing physicians William Bolz, M.D. and Dimitri Teague, M.D. -- the undersigned finds that the ALJ erred in weighing these opinions by failing to examine any of the factors set forth in 20 C.F.R. §§ 404.1527(c) and 20 C.F.R. § 416.927(c). PageID 50-51; 127-28; 135-37; 146-49; 158-60. Notably, in weighing opinions of non-treating sources, Social Security regulations require the ALJ to apply the same level of scrutiny as afforded to treating source opinions. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013). "A more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation[s] require[]." *Id.* Further, simply restating a medical source's opinion and offering a conclusory assessment, without further discussion, fails to satisfy the meaningful explanation requirement. *See* 20 C.F.R. § 404.1527(c); *see also Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5-6 (S.D. Ohio Aug. 19, 2014).

## III.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. The Commissioner's motion for remand (doc. 8) be **GRANTED**, and this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  November 17, 2015           *s/ Michael J. Newman*
                                    Michael J. Newman
                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).